# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
March 28, 2022

Lyle W. Cayce
Clerk

No. 21-50673
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Rafael De La Fuente,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:20-CR-552-1

Before Barksdale, Willett, and Duncan, *Circuit Judges*.

Per Curiam:*

Rafael De La Fuente pleaded guilty to transporting illegal aliens for financial gain, in violation of 8 U.S.C. § 1324(a)(1)(A)(ii) and (B)(i). He was sentenced to, *inter alia*, 63-months' imprisonment. At issue here, the district court imposed a two-level sentencing enhancement pursuant to Sentencing

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

Guideline § 2L1.1(b)(6) after it found that De La Fuente "intentionally or recklessly create[ed] a substantial risk of death or serious bodily injury" to the aliens he transported. De La Fuente contends that the circumstances of his offense do not warrant the enhancement.

As De La Fuente concedes, he did not preserve this issue in district court. Therefore, review is only for plain error. *E.g.*, *United States v. Broussard*, 669 F.3d 537, 546 (5th Cir. 2012). Under that standard, he must show a forfeited plain error (clear or obvious error, rather than one subject to reasonable dispute) that affected his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes that showing, we have the discretion to correct the reversible plain error, but generally should do so only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings". *Id.*

De La Fuente transported 13 passenger aliens in a 2004 Chevrolet Tahoe, which the parties agree was rated to carry eight individuals. Other than the driver (De La Fuente) and one passenger in the front row of seats, the remaining 12 passengers were lying atop each other in the second and third rows.

The commentary to the Guideline includes "carrying substantially more passengers than the rated capacity of a motor vehicle" as an example of reckless conduct that would support a sentence enhancement. U.S.S.G. § 2L1.1, cmt. n.3; *see also United States v. Rodriguez*, 630 F.3d 377, 381 (5th Cir. 2011) (explaining factors to consider when applying enhancement include: "the availability of oxygen, exposure to temperature extremes, the aliens' ability to communicate with the driver of the vehicle, their ability to exit the vehicle quickly, and the danger to them if an accident occurs" (citation omitted)); *but cf. United States v. Hernandez*, No. 21-50515, 2022 WL 576406, at *1 (5th Cir. Feb. 25, 2022) (holding sole fact that driver was

No. 21-50673

carrying three passengers over capacity was not enough "to show that the risk of harm to the aliens was greater than that of an ordinary passenger not wearing a seatbelt in a moving vehicle" (citation omitted)).

Obviously, because there was no objection to the enhancement as recommended by the presentence investigation report, which was adopted by the court, De La Fuente did not provide any evidence or challenge regarding the enhancement.  Based on the record, the requisite clear or obvious error is lacking.

AFFIRMED.